# UNITED STATES OF AMERICA
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00103 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DONALD W. MALRAY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Disqualify Presiding Judge (Record Document 20) filed by Defendant Donald W. Malray ("Malray"). Malray filed the motion pursuant to 28 U.S.C. §§ 144 and 455(a) and seeks the disqualification of the undersigned from this matter based on the prior interactions between this Court and Malray and the actions of the undersigned during and after the trial of United States of America v. James Calvin Curry, Criminal Action No. 02-50088. For the reasons set forth below, Malray's Motion to Disqualify Presiding Judge is **DENIED**.

## BACKGROUND

On April 27, 2017, the grand jury returned an Indictment charging Malray with conspiracy to commit mail fraud and two counts of mail fraud. See Record Document 1. The matter was randomly assigned to the undersigned. Malray and the Government have reached an agreement to resolve this matter with a plea of guilty as to Count One of the Indictment (Conspiracy to Commit Mail Fraud). By referral and with Malray's consent, the matter was set for a change of plea hearing before Magistrate Judge Mark Hornsby on August 17, 2017 at 2:30 p.m. See Record Document 19. Malray filed the instant Motion to Disqualify on August 17, 2017. See Record Document 20. The change of plea hearing was upset pending resolution of Malray's request for disqualification of the undersigned.

Malray submits that disqualification is "appropriate and necessary" for the following

reasons:

1. A review of the interactions between Judge Hicks and Mr. Malray during and after the Curry trial, including the referral of Mr. Malray's trial testimony and conduct to the United States Attorney's Office for prosecution, and the contempt proceedings initiated by Judge Hicks against Mr. Malray for this same conduct create a situation where Judge Hicks' impartiality during the sentencing of Mr. Malray, should the plea go forward, might reasonably be questioned.

2. The action of Judge Hicks in initiating what appears to be the instructing of the United States Attorney to open a criminal investigation of Mr. Malray in connection with his testimony and conduct before the Court in the Curry trial are indicative of a personal bias or prejudice against Malray which could result in Mr. Malray receiving harsher punishment should the plea go forward and he is sentenced by Judge Hicks.

Record Document 20 at 1. The undersigned presided over Curry's September 2003 criminal trial. See United States of America v. James Calvin Curry, Criminal Action No. 02-50088. Malray was called as a defense witness during the trial. See id., Record Document 113. During the course of that trial, this Court held two hearings involving Malray. The first was held on September 24, 2003:

> Based on an alleged violation of the rule of sequestration, the Government moved to disqualify defense witness Donald Malray from testifying. For the reasons orally assigned, the Court found that a violation of the rule of sequestration had occurred, but as the defendant nor his counsel was aware of this violation, Malray would be permitted to testify. Following Malray's testimony, the Court ordered him not to leave the courthouse without further order of the Court. At 5:00 p.m., the Court was advised that Mr. Malray had left the courthouse. A bench warrant was issued for the arrest of Donald Malray. (See Misc. No. 03-20).

Id., Record Document 112. Malray was arrested later that same day and another hearing was held:

> This matter came before the court pursuant to F.R.Cr.P. 42(B). Donald Malray appeared in the custody of the U.S. Marshal pursuant to a warrant issued for his arrest for failure to comply with an order of the court related to his appearance as a witness in the trial of USA v. Curry, 02-50088-01. Mr.

> Malray was advised that a contempt hearing will be set, and that he had a right to a lawyer being appointed to represent him if he could not afford to retain counsel. Mr. Malray indicated that he waived counsel. Defendant was released pending the contempt hearing.

United States of America v. Donald Malray, Miscellaneous Action No. 03-00020, Record Document 1. Malray was informed that his "previous testimony, under oath" was also at issue and the matter had been referred to the U.S. Attorney's Officer to conduct an investigation. Record Document 20-8 at 4.

On October 20, 2013, a show cause order was issued in the miscellaneous matter directing Malray to "show cause, if any he can, why he should not be held in contempt." United States of America v. Donald Malray, Miscellaneous Action No. 03-00020, Record Document 2. On October 22, 2003, the grand jury returned an Indictment charging Malray with two counts of making a false material declaration during the Curry trial and the sequestration hearing. See United States of America v. Donald Malray and Vincent McDaniel, Criminal Action No. 03-50114, Record Document 1. The case proceeded to a jury trial and, on March 10, 2004, Malray was acquitted on all counts. See id., Record Document 81.

On October 28, 2003, this Court upset the show cause hearing without date. See United States of America v. Donald Malray, Miscellaneous Action No. 03-00020, Record Document 3. The show cause hearing was reset, then was converted to a status conference, and was ultimately cancelled. See id., Record Documents 4-7.

## LAW AND ANALYSIS

**I. Title 28, United States Code, Sections 144 and 455(a) - Legal Standards.**

Malray seeks the disqualification of the undersigned pursuant to 28 U.S.C. §§ 144

and 455(a).[1]  Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. "The alleged bias and prejudice to be disqualifying under § 144 must stem from an extrajudicial source." Liteky v. U.S., 510 U.S. 540, 544, 114 S.Ct. 1147, 1152 (1994). Once a motion is filed under Section 144, "the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged." Parrish v. Bd. of Comm'rs of Alabama State Bar, 524 F.2d 98, 100 (5th Cir. 1975). In Parrish, the Fifth Circuit explained:

> Legal sufficiency is determined as a question of law on the basis whether the affidavit sets out facts and reasons for the party's belief that the judge has a personal bias and prejudice against the party or in favor of the adverse party. . . .
> The legal question presented is determined by applying the reasonable man standard to the facts and reasons stated in the affidavit.

Id. This standard requires that the facts set forth in the affidavit, their truth being assumed, would convince a reasonable man that a bias exists. See id. "In an affidavit of bias, the affiant has the burden of making a three-fold showing:

1. The facts must be material and stated with particularity;

---

[1] "Substantively, the modern sections 144 (motions for disqualification) and 455 (duty of judge to recuse himself) are 'quite similar, if not identical.'" U.S. v. York, 888 F.2d 1050, 1053 (5th Cir. 1989).

2. The facts must be such that, if true they would convince a reasonable man that a bias exists; and

3. The facts must show the bias is personal, as opposed to judicial, in nature.

Id., citing U.S. v. Thompson, 483 F.2d 527, 528 (3rd Cir. 1973). The affidavit is strictly construed against the affiant because a judge is presumed to be impartial. See U.S. v. Garrison, 340 F. Supp. 952, 956 (E.D. La. 1972), citing Beland v. U.S., 117 F.2d 958, 960 (5th Cir.), *cert. denied*, 313 U.S. 585, 61 S.Ct. 1110 (1941).

Section 455(a) provides:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The Supreme Court has held that the "extrajudicial source" doctrine applies to Section 455(a). See Liteky, 510 U.S. at 555, 114 S.Ct. at 1157. The determination under Section 455(a) is objective, "so that what matters is not the reality of bias or prejudice but its appearance." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988). This objective standard is established with reference to "the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade v. Chojnacki, 338 F.3d 448, 454-455 (5th Cir. 2003). In U.S. v. Jordan, 49 F.3d 152 (5th Cir. 1995), the Fifth Circuit explained:

> The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside. Justice must satisfy the appearance of justice. This is the very purpose of 28 U.S.C. § 455(a).

Id. at 155-156.

## II. Analysis.

Malray argues that "in the matter at hand, an outside observer might reasonably question Judge Hicks' impartiality" because the undersigned accepted the testimony of FBI Special Agent Ray Spoon over Malray's at the hearing on sequestration violation. Record Document 20-1 at 7; Record Document 20-7. According to Malray, the Court characterized his testimony under oath as a "flat out lie." Id. The defense argues that "this characterization . . . indicates . . . Malray's complete loss of credibility with Judge Hicks." Id. Malray submits that "the evidence suggests that Judge Hicks might be tempted - even if only subconsciously – [to] decide to impose a harsher sentence upon . . . Malray than he would ordinarily impose." Id. at 9. Malray believes "recusal is necessary in order to preserve the appearance of impartiality and to ensure that [he] receives a fair [sentencing] hearing." Id.

Malray has submitted an affidavit detailing the pertinent events of 2003 and 2004. See Record Document 20-2. These facts have been set forth in great detail above. Malray further stated:

> I believe that Judge Hicks, has a personal bias and prejudice against me.
>
> . . .
>
> The actions of Judge Hicks are indicative of a personal bias or prejudice against me which could result in my receiving harsher punishment should the plea go forward, if I am sentenced by Judge Hicks.

Id. at ¶¶ 3, 17.

In Liteky, the Supreme Court noted "the existence of a significant (and often determinative) 'extrajudicial source' *factor* . . . in recusal jurisprudence." Liteky, 510 U.S. at 555, 114 S.Ct. at 1157. The Liteky court further explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune.

Id. at 555-556, 114 S.Ct. at 1157 (internal citations omitted) (emphasis added).

The defense has submitted the transcript of the hearing on the sequestration violation. See Record Document 20-7. The transcript evidences that Judge Hicks' decisions as to Malray were judicial in nature and related to trial administration. It was the Government that first raised the issue of "contempt charges and/or perjury" and defense counsel for Curry acknowledged that the Court had contempt power in the context of a violation of Federal Rule of Evidence 615. Id. at 18, 25. The Court considered the testimony of not only Malray, but also Special Agent Spoon and Vincent McDaniel and stated that "at the end of this trial, this Court will make a determination as to whether contempt proceedings, either civil or criminal, or charges of perjury should be filed against . . . Malray because of his conduct and his sworn testimony given in this court." Id. at 29, 30. Likewise, the transcript of the hearing on the bench warrant demonstrates that the

decisions made by the undersigned were judicial rulings he was required to make. See U.S. v. Mizell, 88 F.3d 288, 300 (5th Cir. 1996). All of the undersigned's actions occurred in the course of prior judicial proceedings; were not based upon knowledge acquired outside judicial proceedings; and did not display deep-seated animosity and unequivocal antagonism that would render fair judgment impossible. See Liteky, 510 U.S. at 556, 114 S.Ct. at 1158; Mizell, 88 F.3d at 300. The undersigned holds that Malray's affidavit is legally insufficient to show a disqualifying basis. The facts set forth in the affidavit, even accepted as true, do not show that any purported bias is personal, as opposed to judicial, in nature. Moreover, the facts contained in Malray's affidavit do not warrant the objective conclusion that the undersigned's impartiality might reasonably be questioned. Malray's grounds for disqualification/recusal are meritless and the Motion to Disqualify Presiding Judge is **DENIED**.

## CONCLUSION

The Court holds that Malray's grounds for disqualification/recusal lack merit under both Sections 114 and 455(a). Accordingly, the Motion to Disqualify Presiding Judge (Record Document 20) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of August, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE